**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**LAURA CATHERINE BOGGS,**

       Plaintiff,

**v.**                                  **CIVIL ACTION NO.: 3:21-CV-94
(GROH)**

**KILOLO KIJAKAZI,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,**

       Defendant.

**ORDER OVERRULING OBJECTIONS AND
ADOPTING REPORT AND RECOMMENDATION**

       Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Michael John Aloi.  ECF No. 31.  Pursuant to this Court's Local Rules, this civil action was referred to Judge Aloi for submission of a proposed R&R.  LR Civ P 9.02(a).  Judge Aloi issued an R&R on May 24, 2022, recommending that the Plaintiff's Motion for Summary Judgment [ECF No. 17] be denied, the Defendant's Motion for Summary Judgment [ECF No. 22] be granted, the decision of the Commissioner be affirmed and this case be dismissed with prejudice.  ECF No. 31.

       Objections to Magistrate Judge Aloi's R&R were due within fourteen days of the date of the R&R.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The Plaintiff was granted an extension of her objections deadline to June 17, 2022.  ECF No. 33.  The Plaintiff initially filed timely objections, but her objections exceeded the page limit set forth by this

---

[1] Kilolo Kijakazi may be automatically substituted in place of former commissioner Andrew M. Saul pursuant to Fed. R. Civ. P. 25(d).

Court's Local Rules.  LR Civ P 9.02(e).  The Plaintiff was granted leave to refile [ECF No. 36] and timely refiled her objections in accordance with this Court's Local Rules [ECF No. 37].   The Defendant entered a Response [ECF No. 38] to the Plaintiff's objections. Accordingly, the R&R and pending motions are ripe for review.

## I.      BACKGROUND

The Plaintiff filed her complaint in this matter on June 18, 2021.  ECF No. 1. Therein, the Plaintiff requests review of the Commissioner of Social Security's decision to deny her claim for disability insurance benefits.  Upon examination of the record, the Court finds that the procedural history and background facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. Further, the Plaintiff does not object to any portion of the R&R detailing the procedural history or background facts.  For ease of review, the Court incorporates those facts herein.

Both parties filed motions for summary judgment, and each has been fully briefed and is ripe for review.  In her motion, the Plaintiff argues that the Administrative Law Judge ("ALJ") erred in his decision finding that she was not disabled within the meaning of the Social Security Act.  Specifically, the Plaintiff argues that the ALJ failed to properly assess the persuasiveness of two medical opinions under the recently revised regulations.   In particular, the Plaintiff alleges that the ALJ did not evaluate the supportability and consistency of the opinion provided by Dr. Christina Gillenwater or the functional capacity evaluation conducted by Mr. Kevin Boring, MPT.  The Plaintiff repeatedly asserts that the ALJ "cherry-picked" the record and that his findings were not supported by the medical record.  ECF No. 17 at 10, 11, 12, 15, 16, 23.  The Plaintiff also argues that the ALJ failed to properly analyze her subjective complaints of pain.

The Plaintiff also presents two constitutional arguments in her motion.  First, the Plaintiff argues that the Commissioner's new regulation eliminating the "treating physician rule" is an unconstitutional rule.  The "treating physician rule" was initially judicially developed "as a means to control disability determinations by [ALJ's] under the Social Security Act." Black Westerlund Decker Disability Plan v. Nord, 538 U.S. 822, 829 (2003).  The Plaintiff claims that the Commissioner, an inferior executive officer, cannot overturn judicial precedent.  Therefore, the Plaintiff asserts, the Commissioner's decision to eliminate the "treating physician rule" violates the separation of powers.

Lastly, the Plaintiff argues that the ALJ did not have constitutional authority to adjudicate the Plaintiff's claim under the precedent established in Seila Law LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183 (2020).  Here, the Plaintiff argues that the President's ability to remove the Commissioner of Social Security is similarly unconstitutionally restricted.  Given this unconstitutional restriction, the Plaintiff argues that the Commissioner holds his office unconstitutionally, and because the ALJ derives his authority from the Commissioner, the ALJ had no valid legal authority to adjudicate the Plaintiff's claim.  Ultimately, the Plaintiff avers that this matter should be remanded.

The Defendant's motion for summary judgment rebuts each argument raised by the Plaintiff.  First, the Defendant asserts that the Plaintiff's disagreement with the ALJ's analysis of Dr. Gillenwater's opinion and Dr. Boring's evaluation reflect a difference of opinion with how the ALJ weighed the evidence, not a failure of the ALJ to abide by the revised regulations in his decision-making process.  The Defendant summarized the ALJ's analysis and reiterated how the ALJ considered the supportability and consistency of Dr. Gillenwater's opinion and Mr. Boring's evaluation.  Further, the Defendant emphasizes

3

that the Court is to review the ALJ's decision under a highly deferential standard of review. The Defendant avers that the Plaintiff has not presented an argument sufficient to overcome the deferential standard of review and that the ALJ's decision must be affirmed.

As to the Plaintiff's constitutional concerns, the Defendant argues that there is no merit to either argument.  First, the Defendant asserts that the Commissioner's new regulation eliminating the "treating physician rule" is valid.  In support, the Defendant points out that "[n]othing in the Social Security Act compels adoption of a treating physician rule" and none of the prior judicial precedent upholding the rule did so on the basis that the rule was required by the Social Security Act.  ECF No. 22 at 8.  Because the statute is silent on this issue, the Defendant contends that the Commissioner's new rule is constitutionally valid.  The Defendant relies on the precedent set in Brand X where the Supreme Court held that "[a] court's prior judicial construction of a statute trumps an agency construction otherwise entitled to Chevron deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."  Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 982 (2005).

Lastly, the Defendant argues that the Plaintiff cannot show how she was harmed in this case by the unconstitutional restriction placed on the President's ability to remove the Commissioner.  In support, the Defendant cites to the Supreme Court's recent decision in Collins, wherein the Court held that a plaintiff seeking relief on the basis of an unconstitutional statutory removal restriction must show how that restriction harmed her. Collins v. Yellen, 141 S. Ct. 1761, 1787-89 (2021).  Because the Plaintiff cannot show

how she was harmed, the Defendant avers that she is not entitled to a rehearing of her disability claim.

In his R&R, Magistrate Judge Aloi found that the Commissioner's final decision to deny the Plaintiff's claim for disability insurance benefits contained no legal error and was supported by substantial evidence.  ECF No. 31.  The magistrate determined that the ALJ weighed the evidence in accordance with the standards dictated by the pertinent regulations and reached a logical conclusion supported by substantial evidence.  The R&R thoroughly recounts the how the ALJ reviewed, analyzed and weighed Dr. Gillenwater's opinion and Mr. Boring's evaluation, both independently and in comparison with the cumulative medical record.  The R&R further summarizes and explains how the ALJ came to his conclusion upon review of the Plaintiff's medical record.  Ultimately, the magistrate agreed with the Commissioner that the Plaintiff's contentions pertain to how the Plaintiff would weigh the evidence differently than the ALJ, which is simply not enough to overturn the ALJ's decision under the deferential standard of review that the Court must apply.

Turning to the Plaintiff's constitutional arguments, the magistrate found merit in neither.  First, regarding the Commissioner's new regulation, the magistrate found that the Social Security Act does not directly address the issue but instead is silent or ambiguous with respect to the treating physician rule.   Therefore, the magistrate held that the Commissioner may constitutionally promulgate regulations dictating standards governing the weight of evidence provided by a claimant's treating physician.  As it pertains to the rulemaking process, the magistrate found that the Commissioner's actions were neither arbitrary nor capricious.  Further, to the degree that the Plaintiff contends that the ALJ

must still apply the treating physician rule under stare decisis, the magistrate noted that the Plaintiff's argument fails because the Commissioner's valid rulemaking governs.

While the parties agree that the provision governing the Commissioner's removal is unconstitutionally restrictive, the magistrate held that this is not a basis for setting aside the ALJ's decision.  Moreover, the magistrate notes that the ALJ in this matter was not appointed by a Commissioner who is subject to the removal restriction. Instead, the ALJ herein was appointed by an Acting Commissioner, who is not subject to an unconstitutional removal restriction.  Nevertheless, the magistrate engaged in an analysis of the Plaintiff's claim and found that the Plaintiff cannot demonstrate how she was harmed by the unconstitutional removal restriction.  Ultimately, the magistrate found no causal connection between the Commissioner's removal provision and the adverse result of her claim.

The R&R concludes by recommending the Plaintiff's Motion for Summary Judgment [ECF No. 17] be denied, the Defendant's Motion for Summary Judgment [ECF No. 22] be granted, the decision of the Commissioner be affirmed and this case be dismissed with prejudice.  The Plaintiff initially filed timely objections, but her objections exceeded the page limit set forth by this Court's Local Rules.  LR Civ P 9.02(e).[2]  The Plaintiff was granted leave to refile [ECF No. 36] and timely refiled her objections in accordance with this Court's Local Rules [ECF No. 37].   The Defendant entered a

---

[2] The Court notes that, in her objections, the Plaintiff cites to this Court's Local Rules of Prisoner Litigation Procedure when recounting the denial of her motion to exceed page limits.  In particular, the Plaintiff quotes Rule 12 of the Local Rules of Prisoner Litigation, with added emphasis.  However, given that the Plaintiff is not incarcerated, this case cannot be characterized as prisoner litigation.  Instead, as cited in this Order and the Court's prior Order, this matter is governed by this Court's Local Rules for Civil Procedure, particularly Local Rule of Civil Procedure 9.02, titled "Social Security Appeals."  Indeed, Rule 9.02(e) provides that "[a]ny motion to exceed the Court's page limit shall be filed *no later than one week before the deadline* for the submission of the memorandum, objection, or response." LR Civ P 9.02(e) (emphasis added).

Response [ECF No. 38] to the Plaintiff's objections.    Accordingly, the R&R is ripe for review.

## II.      LEGAL STANDARDS

### A.  Review of the R&R

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); <u>see</u> Fed. R. Civ. P. 72(b)(3).  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) ... may be construed by any reviewing court as a waiver of such objection." <u>Veney v. Astrue</u>, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008); <u>see United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").  General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review.  <u>See Howard's Yellow Cabs, Inc. v. United States</u>, 987 F. Supp. 469, 474 (W.D.N.C. 1997).

### B.  Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision from the Commissioner of the Social Security Administration to (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390-402 (1971), and (2) whether the Commissioner applied the correct legal standards, <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" means "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229

(1938).  A reviewing court must not reweigh the evidence or substitute its judgment for that of the Commissioner, so long as the Commissioner's decision is supported by substantial evidence.  Hays, 907 F.2d at 1456.  It is the duty of the ALJ—not the reviewing court—to make findings of fact and resolve conflicts in the evidence.  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations.").

## III.    DISCUSSION

The Plaintiff presents two arguments in her objections.  First, the Plaintiff largely repeats her original argument that the ALJ "cherry-picked" evidence from the record, failing to adequately assess the supportability and consistency of Dr. Gillenwater's opinion with Mr. Boring's evaluation, and she asserts that the R&R further failed to adequately address this error.  Second, the Plaintiff argues that the ALJ's reliance on her daily activities was improper, but the Plaintiff makes no reference to any related finding or recommendation of the R&R on this issue.  The Court will address each objection in turn.

### A.  ALJ's Analysis of Dr. Gillenwater's Opinion and Mr. Boring's Evaluation

The Plaintiff's objection broadly asserts that the ALJ failed to connect his conclusions with evidence, that the ALJ failed to address supportability or consistency in his decision and that the R&R failed to address these issues. Upon review of the ALJ's single-spaced, thirteen-page decision, the Court finds these broad characterizations of the ALJ's decision to be inaccurate.  Further, the Court finds that the R&R accurately and adequately summarized the ALJ's findings.

More specifically, the Plaintiff alleges that both the ALJ and the R&R ignored significant objective evidence supporting Mr. Boring's opinion and that the R&R erred in

its analysis of Dr. Gillenwater's opinion.  However, the Court finds that the Plaintiff may be holding the ALJ and R&R to an impracticable standard.  As a general matter, the Fourth Court has recognized that while ALJs must generally explain how conflicting evidence was reconciled to facilitate judicial review, they do not labor under the impossible obligation to refer to every piece of evidence contained in the record.  Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019), as amended (Feb. 22, 2019) (citing Reid v. Comm'r, 769 F.3d 861, 865 (4th Cir. 2014)).  This reality was even anticipated by the federal regulations governing the analysis of medical opinions in social security cases; 20 C.F.R. § 404.1520c provides that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings." Instead, an ALJ errs when the reviewing court is "left to guess about how the ALJ arrived at his conclusions."  See Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015).

Indeed, the Plaintiff appears to expect the ALJ and the R&R to inspect every piece of evidence from every angle and make all possible cross-comparisons.  Further, the Plaintiff is reminded that the reviewing court cannot reweigh the evidence or substitute its judgment for that of the Commissioner.  Hays, 907 F.2d at 1456. So long as the Commissioner's decision is supported by substantial evidence, it will be upheld. Id.

Here, the Court finds that the both the ALJ and the R&R adequately reviewed and considered the medical evidence in the record, including as it pertains to supportability and consistency for both Dr. Gillenwater's opinion and Mr. Boring's evaluation.  For example, the ALJ found that Dr. Gillenwater "has not *supported* her opinion of no use of

the hands and no 'extensive' sitting or standing with any objective findings to *support* her opinion, such as examinations or imaging." ECF No. 13-2 at 47 (emphasis added). Further, the ALJ determined that "[e]xaminations with the [Plaintiff's] rheumatologist and with the consultative examination do not *support* [Dr. Gillenwater's] opinion." ECF No. 13-2 at 46 (emphasis added). Similarly, the ALJ determined that Mr. Boring's "significant limitations are not *consistent* with examinations in [the Plaintiff's] treating records." ECF No. 13-2 at 47 (emphasis added). The Plaintiff's broad claim that the "ALJ failed to address either supportability or consistency in his decision" is simply unfounded.

Further, as it pertains to the R&R, the magistrate accurately characterized the record and rightly found that the ALJ's decision satisfied the deferential substantial evidence standard. Indeed, this Court agrees with the magistrate and the Defendant that the "Plaintiff's differences with the ALJ are about how Plaintiff could weigh the evidence differently from the ALJ, which is insufficient to disturb the ALJ's ruling." ECF No. 31 at 12. Accordingly, the Plaintiff's objection to the R&R's analysis of the ALJ's opinion as it pertains to Dr. Gillenwater's opinion and Mr. Boring's evaluation is **OVERRULED**.

### B. ALJ's Reliance on the Plaintiff's Daily Activities

In her second objection, the Plaintiff asserts that the R&R "noted the ALJ's assessment" of the Plaintiff's daily activities and found that the ALJ's conclusions were supported. After mentioning the R&R in the heading, the Plaintiff makes no further reference to the R&R in her objection. Instead, the Plaintiff describes her disagreement with the ALJ's analysis of her part-time work and the weight it was afforded. One of the Plaintiff's main contentions is that too much weight was given to the Plaintiff's ability to engage in part-time work. However, in the R&R, the magistrate did highlight "that there is a difference between (a) undertaking daily activities as one, who may be in consistent

pain, is able and (b) engaging in full-time work." ECF No. 31 at 12. Nonetheless, the magistrate recommended that the ALJ's substantive findings should be affirmed.

Again, it is not the Court's role to reweigh the evidence. See Hays, 907 F.2d at 1456. Here, the Plaintiff takes issue with the ALJ's assessment and the magistrate characterizing the ALJ's finding as supported by evidence. Under the deferential standard of review that courts must apply, the magistrate's characterization is accurate. The ALJ provided a thirteen-page, single-spaced decision in which he details his analysis of the Plaintiff's claim and medical record. The Plaintiff asserts that no logical bridge exists in the ALJ's decision showing that her daily activities were inconsistent with the findings made by Dr. Gillenwater or Mr. Boring. However, the ALJ discusses the findings of both Dr. Gillenwater and Mr. Boring following his discussion of the Plaintiff's daily activities as reported to her rheumatologist. The ALJ then compares the rheumatologist's findings with the reports of Dr. Gillenwater and Mr. Boring. The Court is not left to guess how the ALJ reconciled conflicting evidence in this instance. Instead, the Court finds the ALJ's logical bridge from paragraph to paragraph easy to follow.

While the Plaintiff may view the medical record differently, a mere difference of opinion or interpretation is not enough to require this Court to overturn the ALJ's decision or remand the Plaintiff's case. Therefore, the Plaintiff's objection that the ALJ improperly relied on the Plaintiff's daily activities is **OVERRULED**.

## IV.    CONCLUSION

Upon careful review of the R&R, this Court finds that Magistrate Judge Aloi's R&R carefully considers the record and applies the appropriate legal analysis. Accordingly, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 31] should be, and is hereby, **ORDERED ADOPTED.**

11

For the reasons more fully stated in the R&R, the Court **FURTHER ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 17] be **DENIED**, the Defendant's Motion for Summary Judgment [ECF No. 22] be **GRANTED**, the decision of the Commissioner be **AFFIRMED** and this case be **DISMISSED WITH PREJUDICE**. Pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court is **DIRECTED** to enter a separate order of judgment in favor of the Defendant.

The Clerk is **FURTHER DIRECTED** to **STRIKE** this case from the Court's active docket.

The Clerk is **FURTHER DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: September 6, 2022

GINA M. GROH
UNITED STATES DISTRICT JUDGE